IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| NATIONWIDE PROPERTY & | § | PLAINTIFF |
| CASUALTY INSURANCE COMPANY | § | |
| | § | |
| v. | § | CIVIL NO.: 1:14cv136-HSO-RHW |
| | § | |
| JAMEILYA POLK; FOCUS | § | DEFENDANTS |
| CONSTRUCTION, LLC; SEAN | § | |
| PEDERSON; ABC INDIVIDUALS; | § | |
| And XYZ ENTITIES | § | |

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION FOR ABSTENTION

Before the Court is the Motion for Abstention [19] filed by Defendant

Jameilya Polk.  Plaintiff Nationwide Property & Casualty Insurance Company has

filed a Response [26], and Polk has filed a Rebuttal [30].  Having considered the

parties' submissions, the record, and relevant legal authorities, the Court is of the

opinion that the Motion [19] should be denied.

## I. BACKGROUND

On May 8, 2013, Defendant Jameilya Polk ("Polk") filed a complaint in the

County Court of Jackson County, Mississippi, naming Defendant Focus

Construction, LLC ("Focus") and "Unknown Insurance Company ABC" as

defendants ("the Underlying Litigation").  Mot. for Abstention 1-2 [19].  In the

Underlying Litigation, Polk alleges that she contracted with Focus to construct

Polk's residence but that Focus was negligent in the construction of the residence.

Polk advances claims for breach of warranty, breach of contract, negligence, and

private nuisance against Focus and a claim for declaratory relief against "Unknown

Insurance Company ABC." *Id.* at 2.  At some point after learning that Nationwide Property & Casualty Insurance Company ("Nationwide") had issued an insurance policy ("the Policy") to Focus, Polk claims she "expressed the need to amend her [c]omplaint to officially name Nationwide" as a defendant in the Underlying Litigation.  *Id.*  Polk claims that before she could do so, Nationwide filed the Complaint in this case seeking a declaration as to its obligations to Focus with respect to the claims Polk has asserted against Focus.  *Id.* at 2-3; Complaint 3 [1].[1]

Polk now asks this Court to abstain from exercising jurisdiction over Nationwide's declaratory judgment action on grounds that abstention is appropriate in this case based on *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491, 494-97 (1942).  Mem. in Supp. of Mot. for Abstention 2-5 [20].  Polk further posits that Nationwide's request for injunctive relief is frivolous such that the Court should not consider the more stringent abstention analysis set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817-18 (1976).  *Id.* at 5-6.  Nationwide responds that it has asserted a valid request for injunctive relief in addition to declaratory relief, making the *Colorado River* analysis applicable to this case and, under this standard, abstention is not warranted.  Mem. in Resp. to Mot. for Abstention 5-8 [27].[2]

---

[1] The record reflects that, to date, Polk has not formally added Nationwide as a party to the Underlying Litigation.

[2] Polk states that the *Colorado River* analysis should not apply to this case, but she has not submitted any argument analyzing the *Colorado River* factors in the event that decision does control. *See* Mem. in Supp. of Mot. for Abstention 4-6 [20].

2

## II. DISCUSSION

### A.   The Proper Standard for Determining Whether Abstention Applies

The Fifth Circuit Court of Appeals recognizes two distinct standards for determining whether a court should abstain from hearing a particular case.  "When a district court is considering abstaining from exercising jurisdiction over a declaratory judgment action, it must apply the standard derived from *Brillhart*[,]" 316 U.S. at 494-97.  *New England Ins. Co. v. Barnett*, 561 F.3d 392, 394 (5th Cir. 2009) (citation omitted).  "[W]hen an action involves coercive relief,[3] the district court must apply the abstention standard set forth in *Colorado River*[,]" 424 U.S. at 817.  *Id.* at 395-96.  "[T]he only potential exception to this general rule arises when a party's request for injunctive relief is either frivolous or is made solely to avoid application of the *Brillhart* standard."  *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 652 (5th Cir. 2000) (citing *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674, 679 (5th Cir. 1973)).  Because the abstention issue must be evaluated under different standards depending on whether the action includes a nonfrivolous request for coercive relief that is not made solely to avoid *Brillhart*, the Court must first determine whether this action involves such a request.  *Id.* ("When a party seeks both injunctive and declaratory relief, the appropriateness of abstention must be assessed according to the doctrine of *Colorado River*[] . . . .").

---

[3] "Coercive relief" is defined as "[j]udicial relief, either legal or equitable, in the form of a personal command to the defendant that is enforceable by physical restraint."  Black's Law Dictionary 1317 (8th ed. 2004).  "Coercive relief includes suits seeking injunctions as well as suits seeking damages."  *Chaffee McCall, LLP v. World Trade Ctr. of New Orleans*, No. Civ. A. 08-4432, 2009 WL 322156, at *5 (E.D. La. Feb. 9, 2009) (quoting *Woodward v. Sentry Select Ins. Co.*, No. Civ. A. 03-2481, 2004 WL 834634, *2 (E.D. La. April 6, 2004)).

In its Complaint, Nationwide seeks both declaratory and injunctive relief. *See* Compl. 16-17 [1] (requesting that the Court "[e]njoin . . . Defendants from either initiating or prosecuting a suit or any other action, including any post-judgment remedial action or garnishment against [Nationwide], or one another, until such time as this Court declares the rights and duties of the parties requested above"). Polk recognizes that Nationwide requests injunctive relief, but Polk relies on a conclusory assertion that Nationwide's motive behind including a claim for injunctive relief is simply to avoid the application of *Brillhart*. Mem. in Supp. of Mot. for Abstention 5-6 [20]. There is no evidence in the record that Nationwide's claim for injunctive relief was filed in an effort to avoid *Brillhart*. Because claims seeking to enjoin prospective state court proceedings are permissible, Polk has not demonstrated that Nationwide's claim for injunctive relief is frivolous.[4] Nationwide's request for injunctive relief is nonfrivolous and the Court finds that the *Colorado River* factors control the resolution of Polk's Motion [19].

B.    Abstention is Not Warranted Under the *Colorado River* Analysis

"Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .'" *Colorado River*, 424 U.S. at 817

---

[4] While it is true that injunctions which operate to completely resolve or otherwise dispose of claims pending in a state court may be improper, Nationwide's request for an injunction does not expressly seek to enjoin the Underlying Litigation or to resolve Polk's claims in that action, nor does Nationwide argue for such an injunction in its Response [27] to Polk's Motion for Abstention [19]. *See GuideOne Specialty Mut. Ins. Co. v. Missionary Church of Disciples of Jesus Christ*, 687 F.3d 676, 681 (5th Cir. 2012); Mem. in Resp. to Mot. for Abstention 15 n.6 [27] ("Nationwide only seeks an injunction as to any potential recovery from Nationwide upon a finding that there is no coverage under" the Policy.).

(quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)).  Abstention under the *Colorado River* analysis represents an "extraordinary and narrow exception" to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them."  *Id.* at 813, 817.  "[A] district court may abstain from a case only under 'exceptional circumstances.'"  *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006) (citing *Colorado River*, 424 U.S. at 813).

> In deciding whether "exceptional circumstances" exist, the Supreme Court identified six relevant factors:
>
> > 1) assumption by either court of jurisdiction over a res, 2) relative inconvenience of the forums, 3) avoidance of piecemeal litigation, 4) the order in which jurisdiction was obtained by the concurrent forums, 5) to what extent federal law provides the rules of decision on the merits, and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Id.* (citation omitted).  When "assessing the propriety of abstention according to these factors, a federal court must keep in mind that 'the balance [should be] heavily weighted in favor of the exercise of jurisdiction.'"  *Black Sea*, 204 F.3d at 652 (citation omitted) (alteration in original).  A balancing of each of the six factors based on the particular facts of this case weighs against abstention.

    1.   <u>Assumption by Either Court of Jurisdiction Over a Res</u>

The first *Colorado River* factor weighs against abstention because this case does not involve any res over which either this Court or the state court in the Underlying Litigation has taken control.  *See id.* at 650 (noting that "the absence of [the first *Colorado River* factor] weighs against abstention").

2.    The Relative Inconvenience of the Forum

Both the federal courthouse and the county court in which Polk filed the Underlying Litigation are located approximately thirty minutes from Polk's home which is at the center of the dispute between Polk and Focus.  This factor thus weighs against abstention.  *See Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999) (finding this factor weighed against abstention where the federal and state court suits were both in "south Texas" and there was no dispute that this factor was inapplicable).

3.    The Avoidance of Piecemeal Litigation

Courts recognize a difference between duplicative litigation and piecemeal litigation.  Duplicative litigation "is a necessary cost of our nation's maintenance of two separate and distinct judicial systems . . . ."  *Black Sea*, 204 F.3d at 650 (citation omitted).  "The real concern . . . is the avoidance of piecemeal litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property."  *Id.* at 651-52.  Where "no court has assumed jurisdiction over a disputed res, there is no such danger[,]" and this factor is viewed as weighing against abstention.  *Id.* at 652.  Because neither this Court nor the state court in which the Underlying Litigation is pending have "assumed jurisdiction over a disputed res," the third *Colorado River* factor weighs against abstention.

4.    The Order in Which Jurisdiction Was Obtained by the Concurrent Forums

The decisive issue with respect to this *Colorado River* factor is not "which complaint was filed first, but rather how much progress has been made in the two

actions." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 21 (1983).

While the record indicates that the parties have conducted written discovery in the

Underlying Litigation, there is no indication that any depositions have yet been

taken. Mot. for Abstention 2 [19]. Although Polk has filed a motion seeking leave

to amend the complaint in the Underlying Litigation to add Nationwide as a party,

the record indicates that Polk has not set her motion for a hearing. Mem. in Resp.

to Mot. for Abstention 4 n.1 [27]. The record further demonstrates that after

Nationwide filed the Complaint [1], the parties agreed to a stay of the case in this

Court pending resolution of Polk's Motion [19]. Minute Entry July 1, 2014. The

Court thus finds that this factor weighs in favor of abstention. *Murphy*, 168 F.3d at

738 ("[A] factor favoring dismissal of a federal suit is 'the apparent absence of any

proceedings in the District Court, other than the filing of the complaint.'") (quoting

*Colorado River*, 424 U.S. at 820).

5.    Whether and to What Extent Federal Law Provides the Rules of
       Decision on the Merits

The parties do not dispute that this case turns on interpretation of

Mississippi law. However, "[t]he absence of a federal-law issue does not counsel in

favor of abstention . . . ." *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1193 (5th

Cir. 1988) (citation omitted). The Court's task "is not to find some substantial

reason for the exercise of federal jurisdiction . . . ; rather, the task is to ascertain

whether there exist 'exceptional' circumstances[] . . . to justify the surrender of that

jurisdiction." *Moses H. Cone*, 460 U.S. at 25-26 (citation omitted). Coverage

disputes undoubtedly turn on state contract law and there is nothing in the record

to suggest that this case includes such "exceptional circumstances" as to justify the Court's surrender of jurisdiction.  This factor weighs against abstention.  *See Jimco, Inc.*, 844 F.2d at 1193 (finding that this factor weighed against abstention because the "case [did] not involve rare circumstances under which the presence of controlling issues of [state] law might make abstention appropriate").

      6.    <u>The Adequacy of State Proceedings in Protecting the Rights of the Party Invoking Federal Jurisdiction</u>

Nationwide does not "claim that its interests may not be adequately protected in state court . . . ."  Mem. in Resp. to Mot. for Abstention 19 [27].  However, this factor "can only be 'a neutral factor or one that weighs against, not for, abstention.'"  *Murphy*, 168 F.3d at 739 (quoting *Jimco, Inc.*, 844 F.2d at 1193).  The Court thus finds that this factor is neutral.  *Black Sea*, 204 F.3d at 651.

## III. <u>CONCLUSION</u>

Having considered the *Colorado River* factors, the Court finds that one factor weighs in favor of abstention, one factor remains neutral, and four factors weigh against abstention.  "Abstention from the exercise of federal jurisdiction is the exception, not the rule."  *Colorado River*, 424 U.S. at 813.  Given this fact and the fact that the balancing of the *Colorado River* factors already "is heavily weighted in favor of the exercise of jurisdiction[,]" the Court's analysis of the *Colorado River* factors reveals abstention is not warranted.  *Moses H. Cone*, 460 U.S. at 16.   Polk's Motion [19] should be denied.  Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Jameilya Polk's Motion for Abstention [19] is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 2nd day of February, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

9