## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **NATIONWIDE PROPERTY &** | § | **PLAINTIFF** |
| **CASUALTY INSURANCE COMPANY** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL NO.: 1:14cv136-HSO-RHW** |
| | § | |
| | § | |
| **JAMEILYA POLK; FOCUS** | § | **DEFENDANTS** |
| **CONSTRUCTION, LLC; SEAN** | § | |
| **PEDERSON; ABC INDIVIDUALS;** | § | |
| **And XYZ ENTITIES** | § | |

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR (PARTIAL) JUDGMENT ON THE PLEADINGS [41] AND DENYING AS MOOT PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT [68], [71], [74]

BEFORE THE COURT is Plaintiff Nationwide Property & Casualty

Insurance Company's ("Plaintiff") Motion for Judgment on the Pleadings [41]. This

Motion has been fully briefed. The Court has reviewed the pleadings in this matter,

the insurance contract at issue, and relevant legal authorities, and finds that

partial judgment on the pleadings in favor of Plaintiff is warranted.

The judgment requested in the Motion [41], however, would not dispose of all

of Plaintiff's claims. Plaintiff has requested two declaratory judgments in its

Complaint. First, in Count I, Plaintiff asks the Court to declare that Plaintiff has

no duty to defend or indemnify Defendant Focus Construction, LLC ("Focus")

regarding claims asserted by Defendant Jameilya Polk ("Polk") in State Court (the

"Underlying Action"). Compl. [1], 14–15. Second, in Count II, Plaintiff asks the

Court to declare that Plaintiff's Policy with Defendant Shawn Pedersen (misspelled

"Sean Pederson" in the Policy and styling of this case, "Pedersen" hereinafter) is void due to material misrepresentations by the insured.  *See id.* at 15–17 ("FURTHERMORE, NATIONWIDE prays that this Honorable Court declare that the subject policy be void, invalid and rescinded on account of Sean Pederson's [sic] material misrepresentation of fact in filling out the instant application for the subject Policy.").

The Motion for Judgment on the Pleadings [41], however, addresses only the first of the requested declaratory judgments, regarding Plaintiff's duty to defend and/or indemnify Focus Construction, LLC in the Underlying Action, and thus, is actually a motion for partial judgment on the pleadings.  Plaintiff does not move the Court for judgment on the pleadings as to its second claim.  The Court will grant Defendant's Motion to the extent that it is entitled to a judgment on Count I, declaring that Plaintiff has no obligation to defend or indemnify Defendant Focus Construction, LLC for claims asserted by Defendant Jameilya Polk.

With the Parties' rights and obligations being so declared, the Court finds that there remains no "case or controversy" before the Court such that the Court lacks authority to rule on Plaintiff's second request for declaratory judgment in Count II.  Accordingly, Plaintiff's second claim for a declaratory judgment in Count II will be dismissed.

After briefing was completed on the Motion for (Partial) Judgment on the Pleadings [41], Plaintiff filed three separate Motions for Summary Judgment on the issue of its Duty to Defend [68], Duty to Indemnify [71], and Defendant Pedersen's

"Material Misrepresentations" [74].  The Court's decision to grant partial judgment on the pleadings and dismiss Plaintiff's remaining claim renders moot Plaintiff's Motions for Summary Judgment.  This civil action will be dismissed.

## I. BACKGROUND

On May 8, 2013, Defendant Polk filed a complaint in the County Court of Jackson County, Mississippi (the "Underlying Action"), seeking damages for the faulty construction of her home and naming Focus Construction, LLC and "Unknown Insurance Company ABC" as defendants.  State Compl. [1-1]. In the Underlying Action, Polk advances claims for breach of warranty, breach of contract, negligence, and private nuisance against Focus and a claim for declaratory relief against "Unknown Insurance Company ABC."  Defendant Focus Construction, LLC, is a Mississippi limited liability company formed on January 26, 2009.  Compl. [1] at ¶10.  Polk's contract to construct her home was with Focus.  State Compl. [1-1] at ¶7.

Focus demanded a defense and indemnification for Polk's claims in the Underlying Action from Plaintiff Nationwide under a policy of commercial general liability insurance (the "Policy").  The named insured on the Policy, however, is not Focus.  Only "Shawn Pedersen" is named as an individual insured on the Policy.  Policy Decl. [1-2], at 2.  Focus was formed by Pedersen, but Focus is not named as an insured or mentioned anywhere in the Policy Declarations [1-2] or Pedersen's Commercial Insurance Application [1-3].  Pedersen was not named as a defendant in the Underlying Action, and Polk does not mention his name in the State Court

3

Complaint or otherwise appear to assert any claims against Pedersen personally in the Underlying Action.  State Compl. [1-1].

Plaintiff Nationwide filed this civil action on March 20, 2014, seeking declaratory judgments as to (1) its liability in the Underlying Action and (2) the validity of the Policy.  Defendant Polk moved the Court to abstain from deciding this insurance contract dispute, but the Court denied her Motion to Abstain [19] on February 2, 2015.  Order [31].  Answers to Plaintiff's Complaint for Declaratory Judgment [1] have been filed by Defendants Pedersen [11], Focus [12], and Polk [33].  Pedersen admitted that he "applied for coverage in his own name," but contended that "he made it clear to the Nationwide Agent that he sought coverage to protect him completely in his business interests, the circumstances of which the Agent was aware."  Pedersen Answer [11], at ¶18; *see also* Focus Answer [12], at ¶18 (admitting same).

Plaintiff filed the instant Motion [41] for (Partial) Judgment on the Pleadings on March 19, 2015.  Focus and Pedersen filed a joint Response in Opposition [44]. Polk joined in their Response [47], and filed a separate Response in Opposition [48]. Plaintiff has filed a Reply [49].

## II. DISCUSSION

### A.   Legal Standard

A party may move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) when "'the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any

judicially noticed facts.'" *Keys v. Safeway Ins. Co.*, 556 F. Supp. 2d 586, 588 (S.D. Miss. 2008) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)).  In deciding a Rule 12(c) motion, the Court may look to the pleadings and documents attached to the complaint, such as an insurance contract that is the subject of a dispute, "because these documents thereby become a part of the pleadings." *Id.*

Judgment on the pleadings is appropriate only if no questions of material fact or law remain. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).  In this respect, the standard for deciding a motion for judgment on the pleadings under Rule 12(c) is the same as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  The Court construes the pleadings in the light most favorable to the non-moving party, accepting all well-pleaded facts as true, and asks whether Defendants in this case would be able "to prevail under any set of facts or any possible theory that could be proven consistent with its denials in the Answer and the affirmative defenses therein." *Sexton-Walker v. Allstate Ins. Co.*, No. 4:10-cv-104, 2010 WL 5441994, *1 (N.D. Miss. Dec. 28, 2010).

B.    <u>Plaintiff's Liability to Focus</u>

In this diversity action, the Court interprets the Policy under Mississippi substantive law. *See Barden Miss. Gaming Ltd. Liab. Corp. v. Great N. Ins. Co.*, 638 F.3d 476, 478 (5th Cir. 2011).  Under Mississippi law, insurance policies are viewed as contracts and are enforced according to the same rules of interpretation

5

as other contracts. *Hayne v. The Doctors Co.*, 145 So. 3d 1175, 1180 (Miss. 2014)

(citing *Hankins v. Maryland Cas. Co/Zurich American Ins. Co.*, 101 So. 3d 645, 653

(Miss. 2012)). If the language of an insurance policy is clear and unambiguous, the

policy must be applied as written. *Id.* at 1181 ("[W]hen the policy language is clear

and unambiguous, this Court is bound to give effect to the words of the policy as

written.").

The Court has reviewed the Policy and finds that it clearly and

unambiguously designates Shawn Pederson, as an individual, as the insured under

the Policy. Policy [1-2], at 2 ("Named Insured: Pedersen, Shawn;" . . . "The Named

Insured is: Individual."). Section II of the Policy contains several provisions

defining "who is an insured" and explaining what persons or entities are covered

under the Policy depending on whether the insured is designated in the Policy

Declarations as an individual, a partnership, a limited liability, or a trust. Policy

[1-2], at 14 ("If you are designated in the Declarations as: a. An individual, you and

your spouse are insureds, but only with respect to the conduct of a business of

which you are the sole owner."). To finish the Policy's explanation of "who is an

insured," the Policy explicitly states the following: "No person or organization is an

insured with respect to the conduct of any current or past partnership, joint venture

or limited liability company that is not shown as a Named Insured in the

Declarations." Focus is not shown as a "Named Insured" in the Declarations. The

Policy clearly and unambiguously does not insure Focus.

In Pedersen and Focus' joint Response [44], they do not dispute this clear

6

language, but contend that the Court should not grant judgment on the pleadings because "Pedersen informed Nationwide that he was applying for insurance for his company . . . [and] any errors in the application were the fault of the Nationwide agent." Resp. [44], at 1. The Court finds that, as a matter of law, Pedersen's intent to insure his "business interests," including Focus, when he purchased the Policy cannot create coverage for Focus where none exists under the Policy. Focus is not mentioned in Pedersen's application and nothing in the Policy provides any indication that Focus would qualify as an additional insured. Were Plaintiff to prove, consistent with his Answer, that he informed the agent he intended to apply for insurance that would cover Focus, the Policy still would not insure Focus by its plain language, and Plaintiff would have no duty to defend or indemnify Focus.

Under Mississippi law, "an insured is charged with the knowledge of the terms of the policy upon which he or she relies for protection." *Mladineo v. Schmidt*, 52 So. 3d 1154, 1161 (Miss. 2010) (emphasizing that "knowledge of an insurance policy is imputed to an insured regardless of whether the insured read the policy"); *see also Hayne*, 145 So. 3d at 1182–83 ("When the language of the policy is unambiguous, knowledge of the policy is imputed to the insured."). Parol evidence as to Pedersen's intent when he purchased the Policy and his discussions with the Nationwide agent are not admissible to vary the terms of a clear and unambiguous written contract, such as the Policy here. *See Oaks v. Sellers*, 953 So. 2d 1077, 1082 (Miss. 2007) (quoting *Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington Lumber & Supply Co.*, 584 So. 2d 1254, 1257 (Miss. 1991)) ("A written contract

7

cannot be varied by prior oral agreements.  Moreover, as an evidentiary matter, parol evidence to vary the terms of a written contract is inadmissible.").  Regardless of what Pedersen intended when he purchased the Policy, he is charged with the knowledge of its clear and unambiguous language indicating that Focus is not covered under the Policy.

The Court will enforce the unambiguous Policy as written, and finds that Plaintiff has no duty to provide liability coverage, including defense and/or indemnification, for Defendant Focus Construction, LLC, for claims made by Polk in the Underlying Action.  Plaintiff's Motion for (Partial) Judgment on the Pleadings [41] as to Count I should be granted.

C.    Plaintiff's Liability to Pedersen

Plaintiff's Motion for (Partial) Judgment on the Pleadings [41] also requests that the Court declare that Plaintiff has no duty to defend or indemnify Pedersen in the Underlying Action.  Mot. [41], at 3.  Plaintiff's Complaint does not specifically request such relief.  Compl. [1], at 16–17.  The Court finds, however, that there is no need to allow Plaintiff to amend its Complaint to state such a claim.  Pedersen has not been named as a Defendant in the Underlying Action and has no need to be defended or indemnified when it appears from the record here that there are no claims pending against him personally.  Plaintiffs would not have standing to request a declaratory judgment addressing "conjectural" or "hypothetical" claims that may one day be asserted against Pedersen. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). (explaining that the "injury in fact" a plaintiff must allege to

8

establish standing must be actual or imminent, not "conjectural" or "hypothetical"). The matter of Plaintiff's liability to Pederson over claims that may or may not be asserted at some point in the future is not yet ripe for adjudication, and the Court declines to reach this issue.

D.  <u>Plaintiff's Standing to Obtain a Declaratory Judgment Regarding the Validity of the Policy</u>

Similarly, Plaintiff's claim in Count II of the Complaint, requesting a Declaratory Judgment that its Policy with Pedersen is void due to Pedersen's material misrepresentations is rendered moot by virtue of the Court's resolution of Count I. The Court has now determined that Plaintiff is not liable to Focus under the plain language of the Policy. Plaintiff will not suffer an imminent injury without a declaratory judgment from the Court regarding the validity of the Policy. Count II of Plaintiff's Complaint will, therefore, be dismissed.

III.  <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiff's Motion for (Partial) Judgment on the Pleadings [41] is hereby **GRANTED**. Judgment shall be rendered in favor of Plaintiff Nationwide Property & Casualty Insurance Company as to Count I of Plaintiff's Complaint [1]. Pursuant to 28 U.S.C. § 2201, the Court declares that the terms and conditions of the Nationwide Policy, clearly and unambiguously relieve Plaintiff of any duty to provide liability coverage, including defense and/or indemnification, for Defendant Focus Construction, LLC, for any and all claims made by Defendant Jameilya Polk in the

Underlying Action.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that, having so declared the rights and obligations of the parties, Plaintiff's request that the Court declare the Nationwide Policy issued to Shawn Pedersen void is rendered **MOOT**.  Count II of Plaintiff's Complaint, seeking such declaratory judgment is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that Plaintiff's Motions for Summary Judgment [68], [71], and [74] are **DENIED AS MOOT**. This civil action is hereby **DISMISSED**.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 23rd day of October, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE